COURT OF CHANCERY
OF THE
STATE OF DELAWARE

KATHALEEN ST. JUDE MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

July 23, 2021

Joel Friedlander, Esquire
Jeffrey M. Gorris, Esquire
Christopher M. Foulds, Esquire
Friedlander & Gorris, P.A.
1201 North Market Street, Suite 220
Wilmington, DE 19801

Ryan D. Stottmann, Esquire
Alexandra M. Cumings, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19801

Gregory V. Varallo, Esquire
Bernstein Litowitz Berger & Grossmann LLP
500 Delaware Avenue, Suite 901
Wilmington, DE 19801

Re:   *In re Mindbody, Inc., Stockholder Litigation*,
      Cons. C.A. No. 2019-0442-KSJM

Dear Counsel:

This letter decision resolves Liaw and IVP's opposition to Plaintiffs' motion for leave to file the proposed Second Amended Verified Consolidated Class Action Complaint (the "Second Amended Complaint").[1]

Plaintiffs filed the original Consolidated Complaint in October 2019 (the "Complaint"), claiming in relevant part that Liaw was conflicted because IVP sought to exit its investment in the Company.[2] Defendants moved to dismiss the Complaint on October 31, 2019, and Plaintiffs amended the Complaint in response on

---

[1] This letter adopts the defined terms used in the October 2, 2020 Memorandum Opinion. Cons. C.A. No. 2019-0442-KSJM, Docket ("Dkt.") 216 ("Mem. Op.").

[2] *See* Dkt. 45.

February 20, 2020 (the "First Amended Complaint").[3] On January 13, 2020, Plaintiffs agreed to amend the Complaint only once more before the court decided Defendants' then-pending motion to dismiss.[4] The First Amended Complaint is the current operative complaint.

Defendants renewed their motion to dismiss on March 12, 2020.[5] In response, as promised, Plaintiffs elected to stand on the First Amended Complaint for purposes of Court of Chancery Rule 15(aaa) and filed their answering brief on April 22, 2020.[6]

I granted Liaw's motion to dismiss the claims against him in the October 2, 2020 Memorandum Opinion but observed that my decision was a pre-judgment ruling that could be revisited "should future developments provide a compelling reason for doing so."[7]

Fact discovery closed on May 28, 2021, and on June 4, 2021, Plaintiffs moved to amend the First Amended Complaint to reassert claims against Liaw and to bring new claims against IVP and Vista.[8]

---

[3] Dkt. 146 ("First Am. Compl.").

[4] Dkt. 330 ¶ 3.

[5] Dkt. 167.

[6] Dkt. 174; *see also* Dkt. 163 at 19:11–18 (Plaintiffs' Counsel) ("[W]e'll stand on the form of complaint that we filed . . . .").

[7] Mem. Op. at 86 n.309 (quoting *In re Dell Techs. Inc. Class V S'holders Litig.*, 2020 WL 3096748, at *43 (Del. Ch. June 11, 2020)).

[8] Dkt. 311; *see* Dkt. 311 Ex. A (the "Proposed Second Am. Compl.").

Liaw and IVP oppose the amendment as to Liaw under Court of Chancery Rule 15(aaa) and as to both Liaw and IVP on the ground that the timing of the motion is prejudicial.

Under Court of Chancery Rule 15(aaa), if "a party fails to timely file an amended complaint . . . and the Court thereafter concludes that the complaint should be dismissed under Rule 12(b)(6) . . . , such dismissal shall be with prejudice."[9] Rule 15(aaa) permits exceptions, providing that a case will not be dismissed with prejudice if "the Court, for good cause shown, . . . find[s] that dismissal with prejudice would not be just under all the circumstances."[10]

*Dell* recognized an exception to Rule 15(aaa).[11] There, the court denied motion to dismiss claims against all but one of the defendants, rendering the decision an interlocutory ruling. Recognizing that the case would proceed to discovery, the court held that "[i]f discovery shows that [a dismissed defendant] had a more significant and compromising role, then subject to the law of the case doctrine, the plaintiffs can seek to revisit [that defendant's] dismissal, should future developments provide a compelling reason for doing so."[12]

---

[9] Ch. Ct. R. 15(aaa).

[10] *Id.*

[11] 2020 WL 3096748, at *43.

[12] *Id.* (citing *Zirn v. VLI Corp.*, 1994 WL 548938, at *2 (Del. Ch. Sept. 23, 1994)).

The Memorandum Opinion followed the *Dell* approach, dismissing Liaw but noting that the decision was interlocutory and providing that claims against him could be reasserted if developments in discovery provided a compelling reason.[13]

The question is thus whether developments in discovery provided a compelling reason to permit Plaintiffs to reassert claims against Liaw and, in turn, IVP. To align the inquiry called for by *Dell* with the policy underlying Rule 15(aaa), typically the analysis should focus on developments after the date a plaintiff elected to stand on a complaint. In this case, that date is April 22, 2020.[14]

Circumstances unique to this case, however, render the relevant date a bit earlier, as Plaintiffs agreed to stand on the First Amended Complaint on January 27, 2020, during oral argument on Defendants' motion to stay pending resolution of their motion to dismiss.[15]

After January 27, 2020, Plaintiffs received the following evidence, which it relied on in the Second Amended Complaint:

---

[13] Mem. Op. at 86 n.309.

[14] *See* Dkt. 174.

[15] Dkt. 163 at 19:11–18 (Plaintiffs' Counsel); *see also* Dkt. 198 at 143:10–21 (Plaintiffs' Counsel) (confirming the court's statement "that the plaintiffs do not intend to amend any further" and "that they stood on their complaint for the purpose of Rule 15(aaa) at the pleading stage"). There is a non-frivolous argument that the relevant developments date back to January 13, 2020, when Plaintiffs agreed not to serially amend their Complaint to permit briefing on the motion to dismiss, such that the court may consider documents produced in February 2020. Because documents produced after January 27, 2020, suffice, the court need not consider discovery produced prior to that time for the purpose of this decision.

- On February 21, 2020, IVP produced text messages from Liaw to Goodman from November 14, 2018, only nine days after Mindbody lowered guidance, in which Liaw wrote, "if we are missing [Q4 guidance] they will slow roll us. Hence good to guide down as far as we did."[16]

- On February 19, 2021, Plaintiffs obtained a batch of discovery containing several text messages that Liaw received from a fellow Board member, Adam Miller, dated October 26, 2018. These messages reveal that Miller agreed with Liaw "on the deal likelihood."[17] Miller then asked: "If we have Qatalyst, a deal can get done. But here is the real question: would you sell if the valuation is 1.75B?"[18] Then, Miller texted Liaw that "the PE guys will drag it out if they think we will miss numbers."[19] These texts occurred eleven days before Mindbody announced its lowered guidance for Q4, which reduced the risk that Mindbody would miss its Q4 numbers and increased the likelihood that IVP would secure a liquidity event by year-end.[20] The messages thus give credence to Plaintiffs' theory that Liaw helped set Q4 numbers at a lower value with the motive of a quick sale in mind.

- Plaintiffs deposed Liaw on April 27, 2021, and Stollmeyer on May 4 and 5, 2021.[21] From these depositions, Plaintiff also learned "Stollmeyer and Liaw spoke immediately after the Audit Committee meeting" on November 5, 2018.[22]

On their face, the produced text messages and additional depositions support Plaintiffs' theory that Liaw formed an alliance with Stollmeyer to bring about a near-term sale within IVP's desired timeframe. The texts and deposition testimony provide support for the contention that Liaw worked to lower the Company's guidance to boost Q4 numbers

---

[16] Dkt. 311 Ex. 7, at 3.

[17] *Id.* at 1.

[18] *Id.*

[19] *Id.*

[20] Proposed Second Am. Compl. ¶¶ 13, 93–94, 114.

[21] Dkt. 330 ¶ 20.

[22] Proposed Second Am. Compl. ¶ 123.

in preparation of a quick private equity sale and communicated with Stollmeyer in the process.

I do not intend to suggest that the text messages or depositions offer definitive proof of Plaintiffs' theories. They do, however, provide a reason to permit the amendment.

Liaw and IVP argue that the timing of the amendment is prejudicial—fact discovery closed in May and trial was scheduled for November. But Plaintiffs sought leave to file the Second Amended Complaint only one week after the close of fact discovery. And Liaw and IVP participated in fact discovery. In any event, to mitigate any prejudice to them resulting from the timing of the amendment, I have allowed the parties to select a later trial date.

For the foregoing reasons, Plaintiffs' motion for leave to amend is GRANTED.

IT IS SO ORDERED.

Sincerely,

*/s/ Kathaleen St. Jude McCormick*

Kathaleen St. Jude McCormick
Chancellor

cc:     All counsel of record (by *File & ServeXpress*)